UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL GARCIA, | : |
| Petitioner, | : Civ. No. 19-18537 (RBK) |
| v. | : |
| UNITED STATES OF AMERICA, | : **OPINION** |
| Respondent. | : |

**ROBERT B. KUGLER, U.S.D.J.**

Before this Court is Petitioner's amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Instant Motion"). (ECF No. 5). His motion challenges this Court's sentence in *United States v. Garcia*, Crim. No. 93-536 (D.N.J. 1994).

This is the latest of Petitioner's many motions pursuant to 28 U.S.C. § 2255, or other challenges later construed as § 2255 motions, attacking his 1994 conviction and sentence. The Court will recite the procedural history of Petitioner's cases, from the Court's most recent Opinion:

> 1. Following a jury trial before this Court on September 29, 1994, Petitioner was convicted of using interstate commerce facilities to commit a murder for hire, in violation of 18 U.S.C. § 1958, and was sentenced to life imprisonment on October 4, 1994. *United States v. Garcia*, Crim. No. 93-536-03 (D.N.J.). Petitioner appealed, *see United States v. Garcia*, App. No. 94-5647 (3d Cir.), and the Third Circuit Court of Appeals affirmed his conviction on July 29, 1996. *United States v. Garcia*, 92 F.3d 1173 (3d Cir. 1996).
>
> 2. On June 2, 1997, Petitioner filed his initial petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in this Court. [*Garcia v. United States*, Civ. No. 97-2861 (D.N.J.), Docket Item 1.] The Court denied his petition in an Opinion and Order dated July 29, 1998. [*Id.* at Docket Items 8 & 9.] Petitioner sought to appeal that ruling [*id.* at Docket Item 12], but this Court denied his request for a Certificate of Appealability [*id.* at Docket Item 14], and the Third Circuit did the same. [*Id.* at Docket Item 16.]

1

3. On August 13, 2001, Petitioner filed a motion seeking a reduction of his sentence pursuant to an amendment to United States Sentencing Guidelines § 2E1.4, which the Court construed as a motion arising under 18 U.S.C. § 3582(c) and denied on the merits. *United States v. Garcia*, 204 F. Supp. 2d 790 (D.N.J. 2002).

4. On June 27, 2005, Petitioner filed a second § 2255 petition in this Court, seeking relief under Rules 15 and 60(b), Fed. R. Civ. P., as well as *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). [*Garcia*, Civ. No. 97-2861 (D.N.J.), Docket Item 17.] This Court denied that petition as untimely [*id.* at Docket Item 18], and Petitioner did not seek further review.

5. On April 17, 2007, Petitioner filed a motion to reopen and supplement his originally-filed petition for habeas corpus and to vacate his sentence pursuant to § 2255, Fed. R. Civ. P. 60(b), and "The All Writs Act," 28 U.S.C. § 1651. [*Id.* at Docket Item 23.] For the reasons explained in a Memorandum Opinion dated April 9, 2008, the Court construed this motion as a successive § 2255 petition and dismissed the petition for lack of jurisdiction. *Garcia v. United States*, 2008 WL 1375571 (D.N.J. Apr. 9, 2008). Petitioner requested a Certificate of Appealability under 28 U.S.C. § 2253(c)(1), *see Garcia v. United States*, App. No. 08-2249 (3d Cir.), which the Third Circuit denied. [*Garcia*, Civ. No. 97-2861, Docket Item 31.]

6. On May 11, 2009, Petitioner filed in his criminal case a motion to "set aside judgment and dismiss the indictment for void judgment, and lack of jurisdiction." [*Garcia*, Crim. No. 93-536 (D.N.J.), Docket Item 22.] Although Petitioner styled this motion as a Rule 60(b)(4) attack on a void judgment, the Court found that he was in fact offering new collateral attacks on the underlying conviction, construed this motion as a successive § 2255 petition, and dismissed the petition for lack of jurisdiction. *Garcia v. United States*, 2009 WL 3068390 (D.N.J. Sept. 22, 2009).

7. Petitioner subsequently filed two more motions seeking to reopen his § 2255 proceedings pursuant to Rules 60(b)(6) and (d), Fed. R. Civ. P., and *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). [*Garcia*, Civ. No. 97-2861, Docket Item 32; *Garcia*, Crim. No. 93-536, Docket Item 52.] On May 10, 2011, the Court issued a Memorandum Opinion and Order, construing these motions as successive § 2255 petitions and dismissing them for lack of jurisdiction. *Garcia v. United States*, 2011 WL 1792277 (D.N.J. May 10, 2011). Alternatively, the Court held that Petitioner had not

> met his burden to bring a successful independent action under *Hazel-Atlas*. *Id.* Petitioner appealed and the Third Circuit Court of Appeals affirmed on August 25, 2011. *See United States v. Garcia*, App. No. 11-2413 (3d Cir.).
>
> 8. On July 17, 2012, Petitioner filed an application with the Third Circuit requesting leave to file a second or successive petition pursuant to 28 U.S.C. §§ 2244(b) and 2255(h). *In re: Manuel Garcia*, App. No. 12-2977 (3d Cir.). The Third Circuit denied this application under § 2255(h) because Petitioner did not claim to rely upon a new rule of constitutional law and because the purported "new evidence" that Petitioner raised in his proposed habeas petition had already been considered and rejected by the Third Circuit in *In re: Manual Garcia*, App. No. 00-5013 (3d Cir.). To the Court's knowledge, Petitioner has not since sought leave from the Third Circuit to file any second or successive petitions pursuant to 28 U.S.C. §§ 2244(b) and 2255(h).
>
> 9. [Thereafter, Petitioner filed] a "motion" purportedly requesting relief from Petitioner's sentence pursuant to Federal Rule of Civil Procedure 60(b)(6) and a § 2255 petition seeking to vacate, set aside, or correct Petitioner's sentence in light of the U.S. Supreme Court cases of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016).

*Garcia v. United States*, No. 16-3576, 2019 WL 2234013, at *1–2 (D.N.J. May 23, 2019) (alterations in original).

This Court concluded that Petitioner's Rule 60(b) motion was "actually a successive § 2255" motion. *Id.* at 3. The motion was "very clearly attacking the legality of his underlying conviction, which he argued was obtained through a 'defective' indictment." *Id.* Consequently, the Court dismissed that motion for lack of jurisdiction and found that it was not in the interests of justice to transfer it to the Third Circuit. *Id.* at 3–4.

As to Petitioner's successive § 2255 motion based on *Johnson* and *Welch*, once again, Petitioner did not receive permission from the Third Circuit to file that motion. *Id.* at 4. As a result, this Court did not have jurisdiction. The Court held, however, that it was in the interest of justice to transfer the motion to the Third Circuit, as an application for leave to file a second or successive

3

§ 2255 motion. *Id*. In August of 2019, the Third Circuit denied that application. *See In re: Manual Garcia*, App. No. 19-2198 (3d Cir.).

Turning then to the Instant Motion, Petitioner generally argues: (1) that his role in the murder for hire was minimal[1] and that the evidence only amounted to aiding and abetting; (2) there were mitigating circumstances; (3) the prosecutor acted in bad faith in his decision to charge Petitioner with murder for hire; and (4) that there were defects in the indictment. (ECF No. 5, at 27–28, 33–34).  Additionally, Petitioner argues that this Court misapplied the sentencing guidelines in light of *United States v. Boney*, 769 F.3d 153, 158 (3d Cir. 2014)(holding, among other things, that a district court erred by "selecting a guideline that was not referenced in Appendix A for the offense of conviction.").

Under 28 U.S.C. § 2255(h), "a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."  In particular, before a district court can entertain such a motion, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). When a petitioner files a second or successive § 2255 motion "without the permission of a court of appeals, the district court's only option is to dismiss the [motion] or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Kunz v. Attorney Gen. of the State of New Jersey,* No. 16-8817, 2017 WL 44946, at *2 (D.N.J. Jan. 4, 2017) (quoting *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)).

---

[1] Petitioner appears to argue that he only aided and abetted the murder for hire, because he only "discussed the murder of Robert Cohen" with an individual, and in that same meeting, Petitioner "introduced the individual to defendant Chris Oscar DeJesus. DeJesus agreed to kill Robert Cohen for 10,000," and so Petitioner "had no other participation in the murder for hire." (ECF No. 5, at 35–36).

4

In the present case, the Instant Motion is plainly a second or successive § 2255 motion. Once again, Petitioner has not shown that the Third Circuit granted him permission to file this motion. Absent permission from the Third Circuit, this Court lacks jurisdiction over this matter.

Under 28 U.S.C. § 1631:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action or appeal could have been brought at the time it was filed … and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

This Court finds that it is not in the interest of justice to transfer this matter to the Third Circuit. In determining whether to permit a second or successive § 2255 motion, a Court of Appeals must certify that the motion involves:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

With those principles in mind, Petitioner's arguments that the indictment was deficient, that the prosecutor was overzealous, that there were mitigating factors, and that the evidence against him was generally insufficient, do not amount to "newly discovered evidence" within the meaning of § 2255(h).

On the other hand, Petitioner's sentencing arguments regarding *United States v. Boney*, 769 F.3d 153, 158 (3d Cir. 2014), do not rely upon "a new rule of constitutional law, made

5

retroactive to cases on collateral review by the Supreme Court." *Id*. Similarly, although the Third Circuit in *Boney* applied and addressed *United States v. Booker*, 543 U.S. 220 (2005) and *Peugh v. United States*, 569 U.S. 530 (2013), those Supreme Court cases did not announce "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h); *see, e.g.*, *Thai v. Warden Lewisburg USP*, 608 F. App'x 114, 117 (3d Cir. 2015); *In re Olopade*, 403 F.3d 159, 164 (3d Cir. 2005).

Accordingly, it does not appear that Petitioner can meet the requirements to bring a second or successive § 2255 motion, and thus, the interests of justice do not warrant transferring this case to the Third Circuit. Of course, Petitioner may seek permission from the Third Circuit himself pursuant to §§ 2244(b) and 2255(h)(2), should he so choose. Finally, because jurists of reason would not find it debatable that this Court lacks jurisdiction to consider Petitioner's successive § 2255 motion, the Court will deny a certificate of appealability under 28 U.S.C. § 2253.

For the foregoing reasons, Court will dismiss the Instant Motion for lack of jurisdiction and a certificate of appealability shall not issue. Additionally, the Court will deny Petitioner's motion to appoint counsel and motion for an evidentiary hearing as moot. (ECF No. 6). An appropriate Order follows.

DATED: June 2, 2020             s/Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge